(44 Misc. Rep. 564.)

### KORMAN v. GRAND LODGE OF THE UNITED STATES.

(Supreme Court, Trial Term, New York County. August, 1904.)

1. JUDGMENT IN PERSONAM—SERVICE OF PROCESS.
   For the purposes of a judgment in personam personal service of notice on defendant that he may have his day in court is essential.

2. JUDGMENT IN REM—CONSTRUCTIVE SERVICE.
   A judgment in rem may be rendered, where the res is within the jurisdiction, with no notice to defendant other than constructive service prescribed by local law.

3. DEFAULT JUDGMENT.
   Where a summons apprises defendant of a claim for a certain sum by a person named, and defendant defaults, an additional plaintiff cannot

---

¶ 1. See Judgment, vol. 30, Cent. Dig. § 25.

be brought in as a party and obtain judgment against defendant, the original plaintiff being awarded a judgment for a like amount.

4. JUDGMENT—CONCLUSIVENESS.

Where a judgment recites that the judgment debtor appeared by a certain attorney, it is conclusive as to the fact of the attorney's appearance, but the question of his authority to appear may be disputed by the judgment debtor on an attempt to enforce the judgment.

Action by Amelia Korman, by her committee, against the Grand Lodge of the United States.   Dismissed.

William R. Page, for plaintiff.
J. Orlando Harrison, for defendant.

BISCHOFF, J.   The judgment in favor of this plaintiff was rendered by the Kansas court in the course of a litigation instituted by one Esther R. Lyons to recover $500 upon a benefit certificate issued by the defendant, an incorporated mutual benefit association, through a local branch, known as "Kansas Lodge, No. 72, of the Independent Order Free Sons of Israel."   Service of the summons in the action thus commenced was made upon the local lodge, the then named defendant, but afterward an amendment was sought and granted for the purpose of substituting the real defendant intended, the corporation, and a new summons was issued, with service upon the president of the local lodge, entitled in substance as against the defendant corporation and one Mollie Berlan for a claim of $500 and interest.

While some question is presented as to the sufficiency of this attempted service upon the corporation, I may assume it to have been sufficient for the purpose of giving the court jurisdiction of the defendant in the then described action, and pass to the subsequent proceedings out of which the present plaintiff's claim arises.   This summons apprised the defendant of the claim of Esther R. Lyons for a certain sum of money, and the defendant suffered a default of appearance.   Thereafter, without further notice, or the service upon the defendant of some pleading in her behalf which might amount to notice, the present plaintiff was brought in as a party, and obtained judgment for $500, the original plaintiff being awarded a like amount.   It is here that the jurisdictional defect in the proceedings as between this plaintiff and defendant becomes apparent.   For the purposes of a judgment in personam, personal service of notice upon the defendant, in order that he may have his day in court, is essential.   Without this notice no court can proceed to render an enforceable judgment, unless the party to be affected voluntarily appears and submits to the jurisdiction.   It is otherwise, of course, with a judgment in rem, where the court may deal with the res present within the jurisdiction with no notice to the defendant other than such constructive service of process as the local law may prescribe.   Pennoyer v. Neff, 95 U. S. 114, 24 L. Ed. 565.   Personal notice being the basis of the jurisdiction to render a judgment in personam (Black, Judg. § 220), it is apparent that the summons which gives notice of a definite claim asserted by a designated plaintiff cannot suffice to support a judgment upon an additional claim in favor of somebody else, without an appearance by the defendant.   The disclosed claim may be recognized by the defendant as just, and not open

to a defense, but, if such a summons be viewed as giving jurisdiction to the court to adjudicate upon the claims of any asserted creditors of the defendant within the jurisdiction, its character as a means of notice would be entirely gone. The form of the summons is a matter upon which the jurisdiction depends, so far as a question may arise whether the form is substantially sufficient to apprise the party of everything which he is then entitled to know (Black, Judg. § 223), and a summons which names one person as the plaintiff cannot support a judgment in favor of another, where the defendant is in default. Cantrell v. Fowler, 24 S. C. 424. The judgment in suit recites the appearance of the local lodge or agency, which, of course, was not this defendant, and, so far as there is a recital in the interlocutory judgment of an appearance of the defendant "by H. Markson its attorney," any consent to the litigation of the present plaintiff's claim at that time, as implied from this recital, depends upon the fact of the attorney's authority to appear. While the judgment concludes the question of the attorney's appearance, the question of his authority to make the appearance is open to proof on behalf of the defendant wherever the judgment is sought to be availed of (Black, Judg. § 903), and the uncontradicted evidence—the testimony of the attorney named—is that there was no authority for any appearance by him in behalf of this defendant. There should, accordingly, be judgment for the dismissal of the complaint upon the merits.

Complaint dismissed upon the merits.